UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACQUELINE WATSON,

  Plaintiff,

v.

FEDERAL DEPARTMENT, et al.,

  Defendants.

Case No. 4:18-cv-02049-KAW

**SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**

Re: Dkt. No. 1

On April 4, 2018, Plaintiff Jacqueline Watson filed this civil action and application to proceed *in forma pauperis*. On June 15, 2018, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 9.) The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the

defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.    DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging that her civil rights were violated by multiple law enforcement agencies, and an unidentified federal department, that may have witnessed her being sexually assaulted, but passed by and did nothing. (*See* Compl., Dkt. No. 1 at 3.) Plaintiff does not identify any specific causes of action nor the facts that would give rise to them. There are also various factual allegations written in the margins of the civil cover sheet and the IFP application, which is improper. Thus, Plaintiff has failed to set forth "a short and plain statement of the claim

1   showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil

2   Procedure.

3       Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915

4   review.

5                  **III.    CONCLUSION**

6       For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient

7   under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for

8   all claims, and must do so by filing an amended complaint by **August 6, 2018**. The amended

9   complaint should include all of the allegations Plaintiff is alleging. Facts located in the margins of

10   supporting documents will not be considered. If Plaintiff fails to file an amended complaint by that

11   date, or the amended complaint fails to cure all defects, the case will be reassigned to a district

12   judge with the report and recommendation that either the complaint be dismissed in whole or in

13   part or the case be dismissed in its entirety.

14       In amending the complaint, Plaintiff may wish to consult a manual the court has adopted to

15   assist pro se litigants in presenting their case. This manual, and other free information for pro se

16   litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

17       Additionally, the case management conference scheduled for July 3, 2018 is continued to

18   **October 16, 2018** at 1:30 p.m. in Courtroom 4, 1301 Clay Street, Oakland, California. The case

19   management statement is due on or before October 9, 2018.

20       IT IS SO ORDERED.

21   Dated: June 26, 2018

22

23                            KANDIS A. WESTMORE
                                United States Magistrate Judge

24

25

26

27

28